UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BELVIA G. BECKNER, Widow of
Robert Beckner,
<u>Petitioner,</u>

v.

HAWLEY COAL MINING CORPORATION;

No. 99-1667

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; WEST
VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(98-222-BLA)

Submitted: October 20, 1999

Decided: November 16, 1999

Before HAMILTON and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Belvia G. Beckner, Petitioner Pro Se. Konstantine Keian Weld,
OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA,

Charleston, West Virginia; Patricia May Nece, Dorothy L. Page, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Belvia Beckner, the widow of Robert Beckner, a former coal miner, petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision to deny her application for black lung survivor's benefits. The insurance carrier for Hawley Coal Mining Corporation ("Hawley") is the West Virginia Coal Workers' Pneumoconiosis Fund ("West Virginia Fund"). The West Virginia Fund no longer contests Ms. Beckner's entitlement to benefits. While we grant Ms. Beckner in forma pauperis status, we dismiss this appeal as moot insofar as it relates to entitlement. We note that either party may seek modification of the Board's denial of benefits within one year of the date of dismissal. See 20 C.F.R. § 725.310 (1998). The West Virginia Fund, however, avers that the Black Lung Disability Trust Fund should be held liable for the payment of Ms. Beckner's benefits.

We agree, however, with the Director, Office of Workers' Compensation Programs ("Director"), that Hawley waived this position by forgoing numerous opportunities to raise it below. See 20 C.F.R. § 725.413(b), (c) (1998). See also Lane Hollow Coal Co. v. Director, Office of Workers' Compensation Programs, 137 F.3d 799, 806-07 (4th Cir. 1998). Moreover, we disagree with Hawley's contention that this case involves extraordinary circumstances that necessitate our consideration of the responsible operator issue in spite of its waiver. Hawley alleges that the Director improperly placed it in the position of defending this claim by failing to enforce provisions of the Black

2

Lung Benefits Act requiring coal mine operators to carry insurance against the last coal company to employ the miner, H & S Coal Company. Hawley, however, was designated the responsible operator not because H & S was uninsured but because H & S ceased operations, according to the Director, approximately eight years before this claim was filed. As Hawley offers no evidence to the contrary, there is no apparent connection between the Director's alleged actions or inactions and Hawley's responsibility for payment of any benefits due to Ms. Beckner.

Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3